UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE ALEJANDRO JEREZ, on behalf of himself
and all others similarly-situated,

                              Plaintiff,

      -against-

THE GREY DOG, INC., DAVID ETHAN, individually,
and PETER STEIN, individually,

                             Defendants.
----------------------------------------------------------------X

Case No.: 22-CV-02662

**COMPLAINT**

Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law Group, PLLC, as and for his Complaint against THE GREY DOG, INC. ("Grey Dog"), DAVID ETHAN ("Ethan"), individually, and PETER STEIN ("Stein"), individually (referred to collectively herein as "Defendants"), respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

**NATURE OF THE ACTION**

1. This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on behalf of himself, and all others similarly situated, to seek redress against Defendants for systematic failure by Defendants to provide the required minimum wage and/or overtimes wages, as well as for the failure to provide accurate wage statements and wage theft prevention act notification in violation of the NYLL.

2. Plaintiff worked for Defendants - - a café and coffee shop and its day-to-day overseers - - as a non-exempt employee for twenty-five years, ending on March 14, 2020. During his employment, Defendants required Plaintiff to work, and Plaintiff indeed did work, at least forty hours per week while being paid according to a flat weekly rate, by check, regardless of the number

1

of hours worked in a given week. However, Defendants never paid Plaintiff an overtime premium for those hours worked over forty in a week while he was employed by Defendants. Thus, Defendants failed to pay Plaintiff at a rate of one and one half his regular hourly rate for hours worked in a week over forty in violation of the FLSA and the NYLL. Moreover, Plaintiff did not receive an accurate wage theft prevent act notification at the time of hiring and did not receive accurate wage statements each week in violation of the NYLL.

3. Defendants paid and treated all of their non-managerial salespeople in the same manner.

4. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

6. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PARTIES

8.      At all relevant times, Plaintiff was and still is a resident of the County of Kings, State of New York.

9.      At all relevant times, Plaintiff worked for Defendants in New York and was a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

10.     At all relevant times, Defendant Grey Dog was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

11.     At all relevant times, Defendant Grey Dog was and still is transacting business within the State of New York at 244 Mulberry Street, New York, New York 10012.  Defendant Grey Dog has registered David Ethan located at 242 West 16th Street, New York, New York, 10011, with the State of New York to receive service of process.  The remaining Defendants have registered the same address for service of process.

12.     At all relevant times, Defendant Stein has been the Chief Executive Officer and day-to-day overseer of Defendant Grey Dog, who in this role was and still is responsible for making all personnel-related decisions, including but not limited to the hiring and firing of all employees, the setting of employees' hours, rates, and methods of pay, and the maintenance of all employment records, including those decisions and records with respect to Plaintiff.

13.     At all relevant times, Defendant Ethan has assisted with personnel-related decisions for Defendant.

14. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business has exceeded $500,000.00, and Defendants have been engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and as they have regularly accepted payments in cash that has naturally moved across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

## PLAINTIFF'S FACTUAL ALLEGATIONS

15. Defendants - a café and coffee shop and its day-to-day overseers - - operates the facility located at 244 Mulberry Street, New York, New York 10012.

16. Plaintiff was hired by Defendants as a non-managerial and non-exempt cook about twenty-five years ago and worked in that role until March 14, 2020. In his role, Plaintiff assisted in the preparation of foods to be sold by Defendants to customers of the café.

17. During his employment, Defendants Stein and Ethan, collectively, were responsible for all personnel-matters with respect to all of Defendants' employees, including Plaintiff.

18. For the duration of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, at least five days per week during the last six years, typically for about 50 hours per week.

19. Also, for the duration of Plaintiff's employment, Defendants paid him a flat weekly rate of between $510 to $530, but never dependent on the number of hours that Plaintiff worked in any given week.

20. However, throughout Plaintiff's employment, Defendants failed to pay him at a rate at or above the minimum wage prescribed by New York law for hours worked in a week up to forty, or at a rate of one- and one-half times the minimum wage rate for hours worked over forty in a week as prescribed by federal or state laws.

21. For example, for the week beginning July 21, 2019, and ending July 27, 2019, Plaintiff worked a total of 48 hours, comprised of working from 7:00 a.m. to 3:00 p.m., Monday to Saturday, with no uninterrupted break each day. That week, Defendants paid Plaintiff a flat weekly wage of $530.

22. Thus, during that week, Defendants paid Plaintiff what amounted to $13.25 per hours for the first forty hours of work that week in violation of the NYLL, and nothing for those hours worked over forty in a week in violation of the FLSA and NYLL.

23. Defendants paid Plaintiff on a weekly basis by check.

24. Plaintiff was entitled to be paid at least $15.00 for hours worked up to forty in a week for all weeks that Plaintiff worked in 2019 and 2020.

25. Plaintiff was entitled to be paid at least $13.00 for hours worked up to forty in a week for all weeks that Plaintiff worked in 2018.

26. Plaintiff was entitled to be paid at least $11.00 for hours worked up to forty in a week for all weeks that Plaintiff worked in 2017.

27. Throughout his employment, Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

28. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours

per workweek and was entitled to receive overtime wages.

29. Defendants regularly failed to pay Plaintiff wages that amounted to at least the statutorily prescribed minimum for hours worked up to forty in a week for at least the years of 2019 and 2020.

30. Defendants regularly failed to pay Plaintiff overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay for all hours that Plaintiff worked in excess of forty (40) per workweek in violation of the FLSA and NYLL.

31. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

32. At all relevant times, Plaintiff was entitled to accurate wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address, and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

33. Plaintiff was not provided an accurate wage theft prevention act notification at the time of hiring, nor was he provided accurate wage statement on each payday while working for Defendant.

34. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

35. Defendants' violations of the FLSA and the NYLL are willful since their employees' have previously made complaints about these violations, but no corrective action was taken.

36. Each hour that Plaintiff worked was for Defendant's benefit.

## **COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

38. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

39. Plaintiff brings the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as any non-exempt positions for the period of time dating back six years from the filing date of this Complaint until the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who opt-in to this action (hereinafter referred to as the "Jerez Collective").

40. Upon information and belief, the Jerez Collective consists of at least one additional individual who is similarly situated to Plaintiff having not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

41. Defendants may have failed to pay overtime to employees other than those in Jerez Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

42. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

43. Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendant's records.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

44. Plaintiff and members of the Jerez Collective defined above have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including minimum wage, overtime wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

45. As part of its ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Jerez Collective by violating the FLSA and/or the NYLL.

46. Defendants have substantially benefitted and profited from the work that Plaintiff and Jerez Collective have performed.

47. Defendants failed to keep any records of the hours worked by the Plaintiff and the Jerez Collective.

48. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

49. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

50. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Jerez Collective.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

52. At all relevant times, Plaintiff and the Jerez Collective was an "employee" of the Defendants within the meaning of 29 U.S.C. § 203(e).

53. At all relevant times, Defendants were "employers" and employed Plaintiff and the Jerez Collective within the meaning of 29 U.S.C. § 203(g).

54. At all relevant times, Plaintiff and the Jerez Collective have been engaged in interstate commerce while working for Defendants and this subjects Defendants to the requirements of the FLSA.

55. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

56. Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

57. Plaintiff and the Jerez Collective were entitled to be paid one and one-half Plaintiff's or the Jerez Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

58. Defendants required Plaintiff and the Jerez Collective to work more than forty (40) hours a week, and Plaintiff and the Jerez Collective regularly worked more than forty (40) hours a week throughout their employment.

59. At no time during their employment have Plaintiff and the Jerez Collective been paid by Defendants at a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Jerez Collective's hourly rate of pay for all of the hours Plaintiff and the Jerez Collective worked in excess of forty (40) hours per week.

60. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff and the Jerez Collective for overtime at a rate of one and one-half times Plaintiff and the Jerez Collective's hourly rate of pay for all of the hours Plaintiff and the Jerez Collective worked in

excess of forty (40) hours per week.

61. As a result of Defendants' violations of the law and failures to pay Plaintiff and the Jerez Collective required regular and overtime wages, Plaintiff and the Jerez Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

62. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Jerez Collective was in compliance with the law, Plaintiff and the Jerez Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

63. Members of the Jerez Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consent to Join forms in this action pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE SECOND CAUSE OF ACTION**
*Unpaid overtime wages owed pursuant to the NYLL*

64. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

65. At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

66. At all relevant times, Defendants were "employers" and employed Plaintiff within the meaning of the NYLL.

67. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

68. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in

excess of forty (40) worked in any workweek.

69. Plaintiff was entitled to be paid one and one-half times his regular rate for any hours worked in excess of forty (40) in any workweek.

70. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff worked more than forty (40) hours a week throughout his employment.

71. Defendants regularly failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all of the hours worked in excess of forty (40) hours per week.

72. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

73. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

74. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
*Minimum Wage owed pursuant to the NYLL*

75. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

76. At all relevant times, Plaintiff and the Jerez Collective were employees and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

77. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

78. Pursuant to the NYLL, Defendants were required to pay Plaintiffs and the Jerez Collective a minimum wage rate of no less than $15.00 per hour from December 31, 2018, through the present.

79. Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiffs and the Jerez Collective the applicable minimum wage for any of the hours they required Plaintiffs and the Jerez Collective to work.

80. Defendants have violated NYLL § 652 by failing to compensate Plaintiffs and the Jerez Collective the applicable minimum hourly wage.

81. As a result of Defendants' violations of the law and failure to pay Plaintiffs and Jerez Collective the required minimum wage, Plaintiffs and the Jerez Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

82. Defendants willfully, knowingly, and intentionally failed, and continues to fail to compensate Plaintiffs and the Jerez Collective the required minimum wage.

83. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the Jerez Collective.

84. Due to Defendants' intentional and willful failure to pay Plaintiffs and the Jerez Collective the applicable minimum wage, Plaintiffs and the Jerez Collective are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*Wage Statements Violation under NYLL § 195(3)*

85. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

86. At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

87. At all relevant times, Defendants were "employers" and employed Plaintiff within the meaning of the NYLL.

88. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

89. Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

90. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

91. As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

### AS AND FOR THE FIFTH CAUSE OF ACTION
*Wage Theft Prevention Act Notification Violation under NYLL § 195(1)*

92. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

93. At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

94. At all relevant times, Defendants were "employers" and employed Plaintiff within the meaning of the NYLL.

95. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

96. Defendants failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

97. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

98. As Defendants failed to provide Plaintiff with a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Jerez Collective. Such notice shall inform the Jerez Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. On the First Cause of Action on behalf of Plaintiffs and eligible Jerez Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of

all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiffs and eligible Jerez Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiffs and eligible Jerez Collective members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiffs and eligible Jerez Collective members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest; and

F. Such other and further relief as is just and proper.

Dated: Garden City, New York
      March 31, 2022

                        Respectfully submitted,
                        BELL LAW GROUP, PLLC

                        By: */s/ Frank J. Tantone*
                        Frank J. Tantone, Esq. (FT 3474)
                        *Attorneys for Plaintiff*
                        116 Jackson Avenue
                        Syosset, New York 11791
                        (516) 280-3008
                        ft@Belllg.com